IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-246-BO

| | | |
|---|---|---|
| WALTER LEE WHITAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NASH-ROCKY MOUNT BOARD OF | ) | |
| EDUCATION, doing business as NASH- | ) | |
| ROCKY MOUNT PUBLIC SCHOOLS; | ) | |
| RICHARD A. MCMAHON, | ) | |
| Superintendent; AND CARINA BRYANT, | ) | |
| Southern Nash Middle School Principal, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Corrected Motion to Dismiss Under Rule 12 (b)(6) [DE 14]. Plaintiff responded on June 20, 2011 [DE 18]. Plaintiff Walter Lee Whitaker alleges that Defendants Nash-Rocky Mount Board of Education ("Board"), Richard A. McMahon, and Carina Bryant violated Title VII of the Civil Rights Act of 1964 by discriminating against him through termination on the basis of his race and disability. Defendants claim that this lawsuit is barred by operation of *res judicata*, stemming from a state court judgment in Nash County. Because the Nash County judgment is entitled to preclusive effect on these claims and against these Defendants, Defendants' Motion is GRANTED.

BACKGROUND

Mr. Whitaker began working as a teacher in the Nash-Rocky Mount Public Schools at the beginning of the 2007-08 school year, teaching language arts at Southern Nash Middle School. His supervisor was Defendant Carina Bryant, the school's principal. On June 11, 2009, Mr.

Whitaker received notice from the Public School System that his employment had been terminated by action of the Board on June 1, 2009, with an effective end date of June 16, 2009. The letter described the reason for termination as "inadequate performance in the discharge of your teaching responsibilities" and referenced "the recommendation of your principal to Superintendent McMahon" [DE 13 at 26]. Believing that his termination was arbitrary and inconsistent with prior performance reviews, Mr. Whitaker filed a lawsuit in North Carolina state court, in the General Court of Justice, Superior Court Division, Nash County [DE 13 at 27]. The suit was filed on July 13, 2009 against the Board, and alleged that the decision to terminate him was "arbitrary or capricious," "unsupported by substantial evidence," and "in violation of law" [DE 13 at 28]. Mr. Whitaker prevailed on his claim by order of the court on July 2, 2010 and was awarded reconsideration of the Superintendent's "recommendation of non-renewal" as well as back pay [DE 13 at 15].

On October 20, 2009, Mr .Whitaker filed charges with the Equal Employment Opportunity Commission ("EEOC"). He received a right-to-sue letter on February 19, 2011 [DE 1 at 4, DE 1-1].

Mr. Whitaker filed the instant action in federal court on May 17, 2011 [DE 1]. The suit was brought against the Board, Mr. McMahon, and Ms. Bryant, and alleged racial discrimination under Title VII in connection with his termination, which he again described as "arbitrary," supported by "unsubstantial evidence," and "affected by error of law" [DE 1 at 3].

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will succeed if a plaintiff fails to establish a "plausible" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009).

In deciding whether *res judicata* bars Mr. Whitaker's suit under Title VII, this Court is required to give the same full faith and credit to the prior state court decision that a North Carolina court would give, and looks to North Carolina law to determine the preclusive effects of state court decisions on subsequent federal actions. *See* 28 U.S.C. § 1738; *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 470-72 (1982). North Carolina holds that "a final judgment, rendered on the merits by a court of competent jurisdiction, is conclusive as to the issues raised therein with respect to the parties and those in privity with them and constitutes a bar to all subsequent actions involving the same issues and parties." *Kabatnik v. Westminster Co.*, 306 S.E.2d 513, 515 (N.C. Ct. App. 1983). Defendants assert that *res judicata* bars this suit because (1) the added defendants in this case are in privity with the Board, the only defendant in the Nash County case; and (2) the claims in this case were, or could have been raised in the Nash County case. Mr. Whitaker counters that his claims are not barred by *res judicata* because (1) the instant lawsuit includes claims against Mr. McMahon and Ms. Bryant, who were not parties to the Nash County suit; and (2) the cases seek to vindicate two distinct causes of action [DE 18 at 2]. The parties do not contest that the Nash County adjudication was a final judgment on the merits.

This Court holds that *res judicata* bars the instant suit because (I) the parties in the two cases are in privity with one another and (II) the underlying claims in the two suits are identical.

### I. Privity of Parties

A subsequent lawsuit is only barred by *res judicata* if the parties in the later case are the same or in privity with the parties in the prior case. Parties are in privity with one another if they are "so identified in interest...that [they] represent[] precisely the same legal right in respect to the subject matter involved." *Jones v. SEC*, 115 F.3d 1173, 1180-81 (4th Cir. 1997).

Here, the Board was a party in the Nash County suit, so it is an identical party and it is

entitled to assert *res judicata* as an affirmative defense. Mr. McMahon and Ms. Bryant, although not named parties in the Nash County action, were adequately represented in the prior suit to benefit from claim preclusion. In the Nash County suit, Mr. Whitaker challenged "the decision by the Nash-Rocky Mount Public Schools to terminate" him [DE 13 at 30]. In the present suit, Mr. Whitaker sues Mr. McMahon and Ms. Bryant only to the extent of their involvement in the decisionmaking process that led to his termination, and to that extent, their rights were adequately represented by the Board's counsel in Nash County [DE 1 at 4]. All three defendants are represented by the same counsel in this action, indicating that there is no conflict of interest among the three and that they represent the same legal right. *See Carlisle v. Phenix City Bd. of Educ.*, 849 F.2d 1376, 1380 (11th Cir. 1988). Although Mr. Whitaker notes in his response that Mr. McMahon exercised "a great deal of discretion" and that Ms. Bryant engaged in "at will and individual acts of racial discrimination," he does not assert that either was not bound by the Nash County court's judgment with regard to his termination. As a result, all three parties are in privity with the parties in the Nash County suit, and may properly assert the defense of *res judicata*.

## II. Identity of Claims

Both Mr. Whitaker's action in Nash County and the instant suit arise from his termination from Nash County Public Schools on June 1, 2009, effective June 16, 2009 [DE 13 at 26]. North Carolina courts require that "all damages incurred as the result of a *single wrong* must be recovered in one lawsuit" and are subject to claim preclusion. *Bockweg v. Anderson*, 428 S.E.2d 157, 161 (N.C. 1993).

Claims that did not exist at the time of the prior litigation are not barred by *res judicata*, but the instant claim did exist at the time of Mr. Whitaker's Nash County suit. All of the conduct

related to his termination had concluded before he instituted that suit on July 13, 2009 [DE 13 at 27]. Mr. Whitaker argues that he was unable to litigate his discrimination claims relating to that termination because the EEOC had not yet issued his right-to-sue letter. That letter was, in fact, issued after the conclusion of the Nash County litigation, on February 16, 2011 [DE 1-1]. However, "time delays inherent in the EEOC administrative process do not warrant splitting causes of action into multiple lawsuits." *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 225 (7th Cir. 1993) ("Parties to Title VII actions enjoy no immunity from *res judicata*[.]").

Mr. Whitaker could have sought to expedite the administrative process or sought a stay from the Nash County judge until the right-to-sue letter for his discrimination claims was received, allowing all of his claims to go forward in one action. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001) (Title VII claims were not exempt from claim preclusion where plaintiffs failed to seek a stay of proceedings or to amend their complaint); *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (ADA claim was not exempt from *res judicata* where plaintiff failed to obtain right-to-sue letter during pendency of prior action); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 315-16 (5th Cir. 2004) (collecting cases where Title VII claims were barred for plaintiffs who failed to take measures to avoid preclusion while they pursued Title VII remedies). Therefore, the fact that the right-to-sue letter did not issue until after the conclusion of the Nash County litigation does not exempt Mr. Whitaker's discrimination claims from the *res judicata* bar.

## CONCLUSION

Because the Nash County judgment is a final judgment on the merits, all parties are in privity, and the claims are identical, Defendants' Corrected Motion to Dismiss [DE 14] is GRANTED.

SO ORDERED.
This 22 day of September, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE