IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:11-CV-246-BO

| | |
|---|---|
| WALTER LEE WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ) | |
| NASH-ROCKY MOUNT BOARD OF ) | |
| EDUCATION, RICHARD A. ) | |
| MCMAHON and CARINA BRYANT, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the defendant's motion for summary judgment. [DE 43]. For the reasons discussed below, the defendant's motion for summary judgment is GRANTED.

## STATEMENT OF THE FACTS

Plaintiff, Mr. Whitaker, was hired by Nash-Rocky Mount Public Schools at the beginning of the 2007-2008 school year. At the time, Richard A. McMahon was the Superintendent of the Nash-Rocky Mount Public Schools and Carina Bryan was the principal at Southern Nash Middle School. The school system hired Mr. Whitaker despite that fact that he not yet obtained his teaching certificate. Mr. Whitaker was hired as a "lateral entry," meaning that he would be allowed to teach on a probationary arrangement and would be expected to obtain his teaching certificate within a specified time period. Mr. Whitaker did obtain his teaching certificate in March, 2009.

1

Mr. Whitaker was hired to teach language arts at Southern Nash Middle School and, as a probationary teacher, Mr. Whitaker was subject to periodic observation and written evaluations and received mentoring from other teachers. For example, On October 22, 2007, an evaluator noted that Mr. Whitaker needed to improve his time management and organizational skills as well as his instructional presentation. [Ex. A, Affidavit of Carina Bryant]. Again on May 5, 2008, the same evaluator stated, "Mr. Whitaker has improved in his instructional presentation, however he still needs to focus on classroom management and organizational skills." *Id.* On March 25, 2008, Carina Bryant noted that Mr. Whitaker needed to improve his management of student behavior. *Id.* Another evaluator had made the same comment on March 21, 2008. *Id.* At the end of his first year, Mr. Whitaker received a rating of "at standard" and it was noted, as it had been throughout the year, that he needed to improve his classroom management and organizational skills. *Id.*

In May, 2008, Mr. Whitaker alleged that he was asked to tender a letter of resignation. Mr. Whitaker declined to do so and, suspecting that racial animus had been the motivation for the request, Mr. Whitaker filed a complaint with the school's central office.

Nevertheless, Mr. Whitaker returned for the 2008-2009 school year. During his second year, Mr. Whitaker was again subject to periodic evaluations. Throughout the year it was noted that Mr. Whitaker had ongoing problems with lesson presentation, classroom management, and management of student behavior. On March 11, 2009, Carina Bryant noted again that Mr. Whitaker needed to improve his classroom management skills and noted on her evaluation sheet that she had referred him to a class

2

to help him develop that ability. [Ex. A, Affidavit of Carina Bryant]. Mr. Whitaker completed this course satisfactorily. During an April, 2009 evaluation, Mrs. Bryant noted that one student had a hood pulled over her head and had her eyes closed during Mr. Whitaker's class. *Id.* Other student misbehavior was also observed. *Id.* Upon completing her final evaluation form for 2009, Mrs. Bryant apparently informed Mr. Whitaker that because he had received a poor score in his ability to maintain classroom management his other scores would also be affected. On this end of year evaluation, Mr. Whitaker received a rating of "at standard" in all areas, except for management of student behavior in which he received a rating of "below standard" by his supervisor, Mrs. Bryant.

At the end of the 2008-2009 school year, principal Carina Bryant recommended that Mr. Whitaker's contract not be renewed. On June 11, 2009, Mr. Whitaker was notified by written letter that his contract would not be renewed due to the inadequacy of his teaching performance.

Although he did not elaborate with any detail, Mr. Whitaker alleged that he was "forced to endure racially bias[sic] treatment". [DE 47-1]. Further, Mr. Whitaker has concluded that "it is my belief that Nash-Rocky Mount School staff did harass me because of my race, and allowed me to work under hostile conditions for racially bias[sic] reasons." [DE 47-1].

After his dismissal, Mr. Whitaker filed a complaint with the Equal Employment Opportunity Commission. On February 16, 2011, the EEOC issued Mr. Whitaker a right to sue letter. Mr. Whitaker filed the instant suit, alleging violations of Title VII of the Civil Rights Act of 1964, on May 17, 2011. The defendants have moved for summary judgment.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall not be granted unless there are no genuine issues of material fact for trial. Fed.R.Civ.P. 56; *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must demonstrate the lack of material factual dispute, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The plaintiff is proceeding pro se in this matter and, as such, the Court must consider the claims presented to it in a different light than it might consider the filings of professional attorneys. Although the Court must liberally construe pleadings submitted by a pro se claimant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam), "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### II. PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT.

Supervisors are not liable in their individual capacities for violations of Title VII. Further, where a plaintiff has named his supervisor's employer as a defendant in a Title VII action, claims against the supervisors in their individual capacities would be redundant. *Lissau v. Southern Food Serv., Inc.*, 159 F. 3d 177, 180-81 (4th Cir. 1998).

4

Case 5:11-cv-00246-BO   Document 51   Filed 06/12/13   Page 4 of 7

There is no factual dispute as to the employment of Richard A. McMahon and Carina Bryant. Both were Mr. Whitaker's superiors and both were employed by the Nash-Rocky Mount Board of Education. As such, they are not liable in their individual capacities under Title VII. Because there is no factual dispute on this issue and because they are entitled to judgment as a matter of law, Mr. McMahon and Ms. Bryant are entitled to summary judgment in their favor.

### III. PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF DISCRIMINATION.

Mr. Whitaker's Title VII discrimination claim is evaluated under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). A plaintiff must prove (1) that he is a member of a protected class; (2) that he was performing his job satisfactorily; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Id.* In an employment discrimination case, when the plaintiff fails to establish a prima facie case of discrimination by satisfying the four prongs of the McDonnell-Douglas test the defendant is entitled to summary judgment. Here, the defendants conceded that the plaintiff is a member of a protected class and that he suffered an adverse employment action. It is only the other two factors that are considered by the Court.

Under North Carolina law, a lateral entry teacher may be hired on probationary period. *See* N.C. Gen. Stat. § 115C-325(m). That teacher will be designated as a lateral entry teacher until they have earned a full teaching certificate. A probationary teacher's performance is frequently evaluated and at the end of the school year a decision is made regarding whether to renew the teacher's contract for the upcoming school year. A school

5

board may refuse to renew a probationary teacher's contract for any reason except one that is arbitrary, capricious, discriminatory, personal, or politically motivated. N.C. Gen Stat. § 115C-325(m).

Here, Mr. Whitaker was periodically evaluated. Some of these evaluations reflected positive observations of Mr. Whitaker's work in the classroom. However, each evaluation contained some criticism of Mr. Whitaker's ability to teach effectively. Although Mr. Whitaker has offered evidence of his strengths in the classroom, he failed to state a prima facie case for discrimination because it is clear that his principal and other evaluators felt that he was a less than satisfactory teacher. As such, Mr. Whitaker has failed to establish a prima facie case of discrimination because it is clear that he was not performing his job to the satisfaction of his supervisors. Further, Mr. Whitaker has not set forth any evidence, beyond his conclusory statements, that the decision to not renew his contract was racially motivated.

Finally, to the extent plaintiff has stated a claim under Title VII for discrimination based on his status as a disabled veteran this claim is improper. Title VII does not protect against discrimination based on an individual's disabilities or physical limitations.

For these reasons, plaintiff has failed to establish a prima facie case of employment discrimination and, therefore, defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED.

SO ORDERED, this 12 day of June, 2013.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE